**David W. ARISMAN, Plaintiff–Appellant,**

v.

**J.S. WOODFORD; et al., Defendants–Appellees.**

No. 08–15764.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Aug. 31, 2009.

David W. Arisman, San Quentin, CA, pro se.

Before WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

California state prisoner David W. Arisman appeals pro se from the district

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights by serving him a diet inadequate to maintain health. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We review for abuse of discretion a district court's decision whether to appoint counsel. *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1102 (9th Cir.2004). We affirm.

The district court properly dismissed Arisman's complaint because it failed to specify how any individual defendant was aware of, yet disregarded, the alleged insufficiency of the prison food. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (a prison official may be held liable for unconstitutional conditions of confinement only if the official knew of and disregarded an excessive risk to inmate health or safety).

The district court did not abuse its discretion in denying Arisman's request for appointment of counsel because Arisman did not demonstrate extraordinary circumstances. *See Agyeman,* 390 F.3d at 1103 (determining extraordinary circumstances based on the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved).

We do not consider Arisman's contention, raised for the first time on appeal, that the district court improperly ignored the claims raised in his two separate complaints filed contemporaneously with the present action. *See Cold Mountain v. Garber,* 375 F.3d 884, 891 (9th Cir.2004)

("In general, we do not consider an issue raised for the first time on appeal.").

Arisman's remaining contentions are unpersuasive.[1]

**AFFIRMED.**

---

ed by Ninth Circuit Rule 36–3.

1. We note with regret the delay in the district court in the disposition of these matters.

